United States District Court
District of Massachusetts

| | |
|---|---|
| **United States of America,** ) | |
| ) | |
| v. ) | |
| ) | **Criminal Action No.** |
| **Ruben Osorio,** ) | **17-10220-NMG-1** |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the emergency motion of defendant Ruben Osorio ("defendant" or "Osorio") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## I. Background

In August, 2018, Osorio pled guilty to a one-count Indictment charging him with Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1). In December, 2018, this Court sentenced him to 90 months (7.5 years) in prison and three years of supervised release. He is currently incarcerated at the United States Penitentiary, Canaan in Waymart, Pennsylvania ("USP Canaan") and his projected release date is in December, 2023.

Osorio moves this Court for compassionate release. In support of that request, he claims to have experienced serious trouble breathing and unusual bouts of fatigue since contracting COVID-19 in December, 2020. Osorio contends that his COVID-19 diagnosis makes him more susceptible to contracting variants of the virus. He also asserts that staff members at USP Canaan have been unable to control COVID-19 outbreaks and to care for inmates with serious medical needs like his own.

In response, the government asserts that compassionate release is not justified under the circumstances and urges this Court to deny defendant's motion.

## II. Motion for Compassionate Release

### A. Legal Standard

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if, after considering the factors set forth in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a reduction. § 3582(c)(1)(A)(i). Any modification must be made pursuant to either a motion of the Director of the Bureau of Prisons or a motion of the defendant after the defendant has

> fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

§ 3582(c)(1)(A).  Even if all other requirements are satisfied, a court should only grant a motion for release if it determines that the defendant is no longer a danger to the public. Id.

**B. Application**

Osorio is not entitled to a modification of his sentence pursuant to § 3582(c)(1)(A) because he has not demonstrated that there are "extraordinary and compelling reasons" that would justify a reduction in his sentence.

There is no dispute that defendant contracted COVID-19 in December, 2020, while incarcerated, but the government asserts that his medical records are at odds with his claims of breathing trouble and unusual bouts of fatigue.  According to the government, defendant's medical records indicate that he remained asymptomatic throughout his period of isolation and he consistently denied experiencing shortness of breath.  Even if Osorio is experiencing long-term effects from COVID-19, he does not claim to suffer from any condition that definitively places him at an increased risk of severe illness from COVID-19. See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 14, 2021) (listing conditions that are known to put adults at risk of severe illness from COVID-19).  Therefore, Osorio

-3-

currently has no medical condition that would qualify as an "extraordinary or compelling reason" for granting him compassionate release. Courts have consistently ruled that fear of COVID-19 alone is not enough to justify compassionate release. See United States v. Ramirez, 459 F. Supp. 3d 333, 338 (D. Mass. 2020) ("[T]he threat of COVID-19 alone is not sufficient to allow release" pursuant to § 3582(c)); United States v. Curtis, No. 14-cr-00140, 2020 U.S. Dist. LEXIS 102045, at *13 (D. Me. June 11, 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

Defendant insists that the conditions at USP Canaan are concerning and that both non-medical and medical officials have proven themselves to be incapable of combatting and containing the spread of COVID-19. There are, however, no active cases among inmates and only one active case among staff members at USP Canaan. See COVID-19 Cases: Canaan USP, BOP, https://www.bop.gov/coronavirus/ (last visited July 14, 2021). Even considering the potential for outbreaks in prison settings, it is doubtful that the risk of infection from COVID-19 is significantly greater at USP Canaan than among the general public. Reinfection is possible but very unlikely. See United States v. Baptiste-Harris, No. 2:18-cr-00127-NT-1, 2021 U.S.

-4-

Dist. LEXIS 77657, at *6-7 (D. Me. Apr. 22, 2021) (holding that the "marginal risk" of reinfection is mitigated by the dearth of infections at defendant's facility).

Most importantly, Osorio has now received both doses of the Pfizer COVID-19 vaccine.  The FDA has concluded through extensive testing that the Pfizer vaccine is 95% effective in preventing infection and severe disease. Courts have routinely denied defendants' motions for compassionate release when they are found to have received the COVID-19 vaccine. See United States v. Singh, No. 4:15-00028-11, 2021 WL 928740, at *2 (M.D. Pa. Mar. 11, 2021) (denying defendant's motion, in part, because he had been vaccinated); United States v. Clark, No. 17-cr-00062, 2021 WL 277815, at *2 (S.D. W. Va. Jan 27, 2021) ("[A]n inmate cannot demonstrate extraordinary and compelling reasons exist due to COVID-19 when the inmate has been vaccinated against the disease.").  With respect to the efficacy of vaccines against emerging variants, about which Osorio expresses concern, the Pfizer vaccine remains highly effective against several of the dominant variants. See Kathy Katella, Comparing the COVID-19 Vaccines: How Are They Different?, Yale Medicine, https://www.yalemedicine.org/news/covid-19-vaccine-comparison (last visited July 14, 2021).

**ORDER**

Accordingly, defendant's motion for compassionate release (Docket No. 73) is **DENIED without prejudice**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 21, 2021